1997-NMCA-046

940 P.2d 1189

**HIGH RIDGE HINKLE JOINT VENTURE and Gene Hinkle, Petitioners–Appellants,**

v.

**The CITY OF ALBUQUERQUE, et al., Respondents–Appellees,**

**Embudo Canyon Neighborhood Association, Interested Party–Appellee.**

No. 17285.

Court of Appeals of New Mexico.

March 17, 1997.

Certiorari Granted May 19, 1997.

George R. "Pat" Bryan, III, Timothy V. Flynn–O'Brien, Bryan & Flynn–O'Brien, Albuquerque, for Petitioners–Appellants.

Robert M. White, City Attorney, Randy M. Autio and Carolyn S. Fudge, Assistant City Attorneys, Albuquerque, for Respondents–Appellees City of Albuquerque, et al.

Ethelinda Dietz, Albuquerque, for Interested Party–Appellee Embudo Canyon Neighborhood Ass'n.

## OPINION

DONNELLY, Judge.

**1.** We review for the second time an appeal by Appellants High Ridge Hinkle Joint Venture and Gene Hinkle, individually, from an adverse decision of the district court upholding the Albuquerque City Council's decision interpreting its city zoning ordinance. We discuss Appellants' contentions that the district court erred (1) in upholding the decision of the City Council interpreting provisions of its C–2 zoning ordinance, and (2) in denying Appellants' request to introduce new evidence. For the reasons discussed herein, we affirm.

### PROCEDURAL POSTURE AND BACKGROUND

**2.** Appellants are the owners of a large tract of land zoned C–2 under the Albuquerque zoning ordinance. In 1991 they sought to develop a portion of their property by building a miniature golf course and arcade, and an amusement facility featuring go-carts and bumper boats. Appellants sought and obtained a declaratory ruling on August 23, 1991, by a city zoning enforcement officer that the proposed miniature golf course and arcade constituted a permissive use under the ordinance, and that go-carts and bumper boats were conditional uses for property located in the C–2 zoned area. The Albuquerque Zoning Code allows as a conditional use

in C–2 zoned areas "[o]utside storage or activity, except as specifically made a permissive use." The decision of the zoning enforcement officer was reversed by the City Council, which ruled that go-carts and bumper boats were not encompassed by the phrase "outside storage or activity." The City Council's decision was affirmed by the district court.

3. In *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 119 N.M. 29, 888 P.2d 475 (Ct.App.1994) (*Hinkle I*), this Court reversed both the decision of the City Council and the district court, and remanded the matter back to the City Council for a new hearing concerning the proper interpretation and meaning of the language " '[o]utside storage or activity, except as specifically made a permissive use.' " *Id.* at 38, 43, 888 P.2d at 484, 489 (quoting Section 7–14–22(B)(13) of the City of Albuquerque Comprehensive City Zoning Code).

4. Following this Court's remand, the City Council again declined to follow the decision of its zoning enforcement officer, and held that the words "[o]utside storage or activity, except as specifically made a permissive use" under the Zoning Code was limited to storage activities, and that recreational activities, such as go-carts and bumper boats, were not conditional uses authorized in areas that are zoned C–2. In arriving at its ruling, the City Council found, among other things, that:

14. The Zoning Hearing Examiner ("ZHE") is the person designated by the Zoning Code to determine whether to approve or deny a conditional use application. There have been at least three Zoning Hearing Examiners since the Zoning Code was adopted in 1975.

15. The ZEO [Zoning Enforcement Officer] has, for matters other than the Hinkle matter, allowed outside activities in the C–2 zone to operate if they have received conditional use approvals.

. . . .

18. The past determinations by the ZEO and ZHE indicate that some outside activities other than mere storage were allowed as conditional uses in C–2 zones under Sec. 22.B.13.

19. The City Council had not had the opportunity to rule on the past interpretations and applications of the Sec. 22.B.13 of the Zoning Code until this matter came before [it].

20. To interpret Sec. 22.B.13 to mean that "any outside activity" (except as specifically made a permissive use) may be a conditional use in a C–2 zone leads to a result that is inconsistent with the structure and intent of the Zoning Code.

. . . .

25. The intent of the drafters was to limit "outside activities" to outside storage and *storage related* activities.

. . . .

28. . . . [P]rior applications by the ZEO and ZHE of Sec. 22.B.13 have been incorrect to the extent they allowed any outside activity to apply for a conditional use in the C–2 zone, and to the extent any outside activities which were not related to outside storage were approved as conditional uses in the C–2 zone.

5. Subsequent to the City Council's ruling, Appellants again sought relief in the district court. At the district court hearing, Appellants proffered evidence which had not been presented at the hearing before the City Council. The district court denied the tender of additional evidence and issued an order on February 5, 1996, upholding the decision of the City Council.

*DISCUSSION*

6. Appellants assert that following this Court's decision and remand for further proceedings, the City and district court erred in refusing to apply the interpretation of the city zoning enforcement officer concerning the meaning of "outside storage or activity except as specifically made a permissive use." Interpretation of the provisions of an ordinance presents a question of law which the courts review de novo. *See Downtown Neighborhoods Ass'n v. City of Albuquerque*, 109 N.M. 186, 189, 783 P.2d 962, 965 (Ct.App. 1989). The polestar for construing either a

statute or ordinance is to ascertain and give effect to the intention of the legislative body at the time of enactment. *Id.* at 190, 783 P.2d at 966.

7. In *Hinkle I* this Court found the meaning of "outside activity," as used in the Zoning Code (city ordinance), was ambiguous and that in reviewing decisions of administrative agencies interpreting their own regulations or ordinances, the courts will generally defer to the agency's interpretation unless it is plainly erroneous or inconsistent with the language of the ordinance or regulation in question. *Id.*, 119 N.M. at 38, 888 P.2d at 484. Although recognizing this general rule, this Court remanded the matter back to the City Council for three reasons. First, remand would allow for further development of the record to clarify whether the City Council's construction of the ordinance constituted a departure from its previous interpretations or practices regarding such ordinance. Second, remand would eliminate the possibility that the City Council was erroneously substituting its current views of policy for an interpretation of what the ordinance meant when enacted. Third, remand would eliminate the question of whether one of the council members should have recused herself from voting on the administrative appeal because of an alleged conflict of interest. *Id.* at 40–43, 888 P.2d at 486–89.

8. Appellants point to evidence presented at the second hearing before the City Council indicating that the interpretation of the zoning enforcement officer of the terms "outside activities" and "storage related activities" has been applied by zoning officials in several prior instances. Appellants also argue that deference in the interpretation of the ordinance should be accorded to the declaratory ruling of the zoning enforcement officer, not to the City Council. Appellants reason that since the zoning enforcement officer is the individual whom the City Council has empowered to enforce the Zoning Code, deference should be given to his interpretation of the language in question. Appellants additionally argue that *Hinkle I* gave mixed signals as to whether deference in interpreting the Zoning Code should be given to the City Council or to the administrative officer

charged with the responsibility of enforcing the Code. We think Appellants misread *Hinkle I*.

■ 9. In the first appeal, it was unclear whether the interpretation adopted by the zoning enforcement officer had been ratified or approved by the City Council in other cases, or whether this case presented the first opportunity for the City Council to consider the meaning of the disputed language. Although persuasive weight is generally accorded to long-standing administrative interpretations of statutes by the agency or officials charged with administering them, *TBCH, Inc. v. City of Albuquerque*, 117 N.M. 569, 572, 874 P.2d 30, 33 (Ct.App.1994), a reviewing court will also give deference to an administrative body's interpretation which is not contrary to the plain language of the statute when the interpretation is contemporaneous with the enactment in question, and the interpretation has been followed by the agency over time. *See New Mexico Envtl. Improvement Div. v. Thomas*, 789 F.2d 825, 831–32 (10th Cir.1986).

■ 10. Where there has been a significant time lapse between the time an ordinance was enacted and the time a legislative body is first called upon to interpret such language, a court is not required to give persuasive weight to a City Council's finding of legislative intent, because statutes are to be interpreted as the legislative body understood them at the time they were enacted. *TBCH, Inc.*, 117 N.M. at 572, 874 P.2d at 33. In such instance a reviewing court may also examine other factors which may evidence legislative intent, including examination of the history of the governmental body's application of the law in order to ascertain whether the interpretation adopted by the City Council is consistent with its past actions and rulings. *Hinkle I*, 119 N.M. at 39, 888 P.2d at 485.

11. Although Appellants correctly point out that the zoning enforcement officer has previously reached a different result and applied a different interpretation in several other cases, nevertheless, as indicated in the City Council's Finding No. 19, here, there is no showing that the City Council has previously issued a ruling inconsistent with its

current interpretation, or that it has ratified past decisions of the zoning enforcement officer concerning the meaning of the language in question. In such instance, substantial deference may properly be accorded to the interpretation of the City Council rather than the zoning enforcement officer, because the Council is presumed to have a greater knowledge regarding the interrelationships among the several provisions of the ordinance and the philosophy and policy giving rise to the adoption of the enactment. *Hinkle I*, 119 N.M. at 39, 888 P.2d at 485; *see also Gage v. City of Portland*, 319 Or. 308, 877 P.2d 1187, 1191 (1994) (Deference may be accorded "local governing body's interpretation of its own ordinance, because that governing body [is composed of politically accountable representatives] responsible for enacting the ordinance and [they are presumed] to have a better understanding ... of the intended meaning of the ordinance.").

12. Appellants also argue that the district court erred in excluding newly discovered evidence sought to be presented to the court. Responding to this argument, the City asserts that the evidence sought to be introduced consisted of decisions of the zoning hearing examiner on requests for outside uses and activities on property zoned C–2 during the time period after the second City Council hearing. The City argues this information does not satisfy the test of newly discovered evidence. We agree. Generally, a party will not be permitted to introduce evidence that was not raised at the administrative hearing conducted below. *See Thomas*, 789 F.2d at 835–36 (agency's action should be reviewed on evidence and proceedings before it at the time it acted).

*CONCLUSION*

13. The decision of the district court is affirmed.

14. IT IS SO ORDERED.

PICKARD and ARMIJO, JJ., concur.